# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER YSAIS,

     Plaintiff,

vs.                                                                                     No. CIV 07-287 JB/RLP

BILL RICHARDSON, in his official capacity as Governor,
State of New Mexico, and as an individual; MARY-DALE BOLSON,
in her capacity as Cabinet Secretary of the Department of Children
Youth and Family, State of New Mexico, and as an individual;
KAREN PRICE, in her official capacity as Agency Head, and as an individual;
DAVID MONTOYA, in his capacity as a Supervisor of CYFD and as an individual;
JULIE BODENNER, in her capacity as a supervisor of CYFD, and as an individual;
JENNIFER LYNN, as an employee of CYFD, and as an individual;
THE STATE OF NEW MEXICO; SECOND JUDICIAL DISTRICT COURT;
THE SECOND JUDICIAL DISTRICT COURT FAMILY CLINIC DIVISION;
BETH ROTH, in her capacity as Supervisor of the Family Court Clinic, and as an
individual; TERRY ASHCOM, in her capacity as an employee of the Family Court Clinic,
and as an individual; DIANN SHEPPARD, in her capacity as an employee of the Family
Court Clinic, and as an individual; THE CITY OF RIO RANCHO; THE CITY OF RIO
RANCHO POLICE DEPARTMENT; CHRIS PINO, in his capacity as an investigative
sergeant of the Rio Rancho Police Department, and as an individual;
JEFF CHAVEZ, in his capacity as a Rio Rancho Police Officer, and as an individual;
BRIAN LINK, as a Detective in the Rio Rancho Police Department, and as an individual;
ABRAZOS, INC.; ELIZABETH SIMS, in her capacity as an employee of Abrazos,
and as an individual; JANE DOE 1, in her capacity as an employee of Abrazos, and as an
individual; JOHN DOE 1, in his capacity as an employee of Abrazos, and as an
individual; PRESBYTERIAN HOSPITAL, INC.; MARY DENTZ, in her capacity as a
Nurse Practitioner employed by Presbyterian Hospital, and as an individual; DR. KAREN
WALSH, in her capacity as a Doctor employed by Presbyterian Hospital, and as an
individual; THE UNIVERSITY OF NEW MEXICO HOSPITAL; DR. CAROL
CLERICUZIO, in her capacity as an employee of the University of New Mexico Hospital,
and as an individual; DR. JUDITH LEDMAN, in her capacity as an employee of the
University of New Mexico Hospital, and as an individual; RIO RANCHO PUBLIC
SCHOOLS; SHINING STARS PRE-SCHOOL; JOAN HROMAS, in her capacity as an
employee of the Rio Rancho Public Schools, and as an individual;
THE THIRTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE;
CARLOS ELIZANDO, in his capacity as Assistant District Attorney, and as an
individual; JODY CARRASCO, in her capacity as an employee of the Thirteenth
Judicial District Attorney's Office, and as an individual; MEMORABLE MOMENTS
DAYCARE; TAMMY ROSEN, in her capacity as owner of Memorable

Moments Daycare, and as an individual; COZY DAYCARE; DONNA EARL, in her capacity as owner of Cozy Daycare and as an individual; DR. GAYLE ZIEMAN, in his capacity as a contractor with the Second Judicial District Court Family Clinic, HAVEN HOUSE, and as an individual; CONSUELO LEYBA, as an individual; and ANTHONY LEYBA, as an individual,

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant Presbyterian Healthcare Services'[1] ("Presbyterian") Partial Motion to Dismiss, filed August 27, 2007 (Doc. 14), which has been formally joined by (ii) Defendants Mary Dentz and Dr. Karen Walsh in their Partial Motion to Dismiss, see Doc. 40, filed September 10, 2007; and (iii) Plaintiff's Motion to Allow Plaintiff to Enter Pro Se and Allow This Case to Continue [sic] Also Allow Extend [sic] of Time in Order to Answer Motions, Doc. 120, filed February 22, 2008. Presbyterian, Dentz, and Walsh seek to dismiss Plaintiff Christopher Ysais's claims brought pursuant to 42 U.S.C. § 1985 for failure to state a claim. The primary issue is whether Ysais has stated a claim against the Defendants for conspiracy to discriminate against him on the basis of racial or other unlawful discriminatory animus. The Court will grant the Plaintiff's motion to enter his appearance pro se and will accept his untimely filed responses to the motions to dismiss. The Court will grant both of the Defendants' Motions to Partially Dismiss, because Ysais has stated no facts to support a plausible claim that the Defendants unlawfully conspired to discriminate against him because he is Hispanic.

## ALLEGATIONS IN THE COMPLAINT

Ysais is suing, inter alia, his ex-wife; numerous state and county entities and their employees

---

[1] Although the Plaintiff named "Presbyterian Hospital, Inc." as a Defendant in the heading of his Complaint, this Defendant points out that its legal name is "Presbyterian Healthcare Services, Inc."

who were involved in the judicial resolution of his state-court custody battle regarding his young

son and a related state-court criminal charge alleging child abuse; various private daycare facilities

and employees; several entities and their employees who provided state-court ordered mental and

emotional assessments related to custodial issues, and Presbyterian, Dentz, and Walsh. Presbyterian

employed Dentz and Walsh, who examined Ysais' son and recorded their findings and the events

leading up to their examinations as reported by his mother, Defendant Consuelo Leyba, who took

the child to the hospital to report bruising. Ysais made the following general factual allegations in

his Complaint regarding Presbyterian, Dentz, and Walsh:

> 74.  Presbyterian Hospital performed an exam on Mr. Ysais's child. Their report made erroneous assumptions, stating those assumptions as facts.

> 75.  Defendant Presbyterian Hospital also included misrepresentations about Mr. Ysais's father, which if investigated would have proven to be wrong. Presbyterian Hospital noted these untruths as facts.

In the section alleging violation of 28 U.S.C. § 1983 by Defendants *other* than Presbyterian,

Dentz, and Walsh, Ysais states: "125.  Mr. Ysais avers that he is a member of a suspect class as a

Hispanic, and also avers that his status as a single father seeking the full panoply of his parental

rights also places him in a suspect class." In the section setting forth the alleged violation of § 1985,

Ysais alleges:

> 136. That defendants, by their actions engaged in a conscious effort to violate Mr. Ysais['s rights by subscribing false and erroneous traits to Mr. Ysais's character and his ability to care for his child.

> 137. That the defendants['] actions constitute a conspiracy to [commit] willful and knowing violations and depravations [sic] of rights secured by the Constitution of the United States in violation of 42 U.S.C. Section 1985, the right of a parent to raise his or her child with no or minimal state interference, the right to due process and the right to equal protections under the law.

> 139. That the defendants['] actions, beginning with the investigation conducted by CYFD, based on the false and malicious allegations by Defendant Leyba, and

adopted by each and every defendant show a calculated pattern of conspiracy to deprive Mr. Ysais of his right to act as the parent of his child.

141. That a reasonable person so situated as employees of CYFD, the Family Court Clinic, the Rio Rancho Police Department, The Rio Rancho Public Schools, Haven House, Abrazos, UNM Hospital, Presbyterian Hospital, the City of Rio Rancho, the Second Judicial District Court, knew or should have known that their failure to act in verifying the truthfulness of the allegations against Mr. Ysais by conducting a proper investigation would result in the depravation of Mr. Ysais parental rights.

And in the section alleging negligence against Presbyterian, Dentz, and Walsh, Ysais states:

179. That defendant Presbyterian Hospital and employee/individual defendants Mary Dentz and Dr. Karen Walsh examined Mr. Ysias's child. Said defendants made erroneous assumptions and stated those assumptions as facts.

180. That said defendants included in their report statements made by defendant Angela Leyba, but nothing from Mr. Ysais. Mr. Ysais was not contacted for any portion of the report, or examination. The report produced by said defendants also included allegations of abuse and erroneous information concerning Mr. Ysias's father. Had said defendants investigated, the misinformation would have been proven wrong and not included in the report as facts.

181. Mary Dentz [sic] sworn testimony indicates the Defendant Leyba stated that Mr. Ysais had abused both she and the child. The report found bruising but could not definitive [sic] state either the time of bruising, who caused the bruises or what clothes the child was wearing when the bruising occurred.

182. Mr. Ysais avers that these errors in reporting have caused him injury and recurring injury as the allegations of child abuse continue to plague him.

Complaint at ¶¶ 74-75, 125, 136-141, 179-182, filed March 23, 2007 (Doc. 1).

## LAW REGARDING MOTIONS TO DISMISS

At the time that Ysais filed his forty-nine page complaint in March 2007, he was represented by counsel. See Doc. 120; Doc. 135, filed February 28, 2008 (Plaintiff's "Entry of Appearance Pro Se"). A Complaint does not require "detailed factual allegations," but the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,

127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and bracket omitted).   In resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the factual allegations are sufficient "to raise a right to relief above the speculative level," while assuming "that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965 (internal quotation marks omitted).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (italics in original).

## LAW REGARDING § 1985 CLAIMS

The Supreme Court of the United States recognizes "five broad classes of conspiratorial activity" that § 1985 prohibits. See Kush v. Rutledge, 460 U.S. 719, 724 (1983).  "Three of the five broad categories . . . relate to institutions and processes of the Federal Government," id., which are not applicable here, where Presbyterian, Dentz, and Walsh are a private entity and its medical employees conducting routine medical examinations.  The fourth and fifth classes of § 1985 claims apply to conspiracies to "obstruct the course of justice in state courts" and to "go in disguise on the highway or in the premises of another." Id. at 725 (internal quotation marks omitted).  Both of these categories require an "intent to deprive their victims of the equal protections of the laws," id., which means that there must be some "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspiratorial action," id. at 726 (internal quotation marks omitted).

As Presbyterian, Dentz, and Walsh point out, Ysais does not allege that Dentz or Walsh saw Ysais, knew of Ysais' race, or had any discriminatory animus against Ysais when they examined his son and recorded what Leyba told them.  Further, courts have held that neither single parents nor

divorced fathers seeking custody of their children are protected as a class under § 1985.  See Borlawsky v. Town of Windham, 115 F. Supp. 2d 27, 29 (D. Me. 2000) (holding that "divorced or otherwise single women parents" are not a protected class under § 1985); Nielson v. Legacy Health Sys., 230 F. Supp. 2d 1206, 1211 (D. Or. 2001) (holding that "divorced fathers seeking custody" are not a protected class under § 1985).  "[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985."  Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979).  Ysais makes no relevant reasoned argument or additional allegations in support of his objections to granting the partial motions to dismiss.

Further, to state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir.1998) (discussing conspiracy under § 1983). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."  Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983) (discussing conspiracy under § 1983).  The Complaint presents no facts showing an agreement and concerted action among Presbyterian, Dentz, and Walsh or between these three Defendants and any other Defendants in the case.

Because the Complaint presents no facts showing either race-based animus or an agreement to conspire and concerted action, the Court concludes that Ysais has failed to state a claim for violation of § 1985 against Presbyterian, Dentz, and Walsh.

**IT IS ORDERED** that Defendant Presbyterian Healthcare, Inc.'s Partial Motion to Dismiss (Doc. 14) is granted; that Defendants Dentz' and Walsh's Partial Motion to Dismiss (Doc. 40) is granted; that the Plaintiff's Motion to appear pro se and for an extension of time in which to file a response (Doc. 120) is granted; and that Ysais' claims brought in his Second Claim for Relief under

§ 1985 against Defendants Presbyterian Healthcare, Inc., Dentz, and Walsh are dismissed.

UNITED STATES DISTRICT JUDGE

Counsel:

Christopher Ysais
Rio Rancho, NM

     *Pro Se Plaintiff*

Aaron C. Viets
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico 87103

     *Attorneys for Defendants Presbyterian Healthcare*
     *Services, Mary Dentz and Karen Walsh*

Kevin M. Brown
Brown & German, L.L.C.
Albuquerque, NM

     *Attorneys for Rio Rancho Public Schools, Shining Stars Preschool,*
     *and Joan Hromas*

Timothy V. Flynn-O'Brien
Albuquerque, NM

     *Attorney for Defendants Bill Richardson, Mary-Dale Bolson, Karen Price,*
     *David Montoya, Julie Bodenner, State of New Mexico Second Judicial District Court*
     *Family Court Clinic Division, Beth Roth, Terry Ashcom, Diann Sheppard, University*
     *of New Mexico Hospital, Carol Clericuzio, Judith Ledman, 13th Judicial District*
     *Attorney's Office, and Carlos Elizando*

Regina Y. York
Stephen G. French
French & Associates, P.C.

     *Attorneys for City of Rio Rancho, Rio Rancho Police Dept.,*
     *Chris Pino, Jeff Chavez, and Brian Link*

Nancy Franchini
Gallagher, Casados & Mann, PC
Albuquerque, NM

  *Attorneys for Abrazos and Elizabeth Sims*


Kathleen M. Wilson
Mariposa Padilla Sivage
Keleher Law Firm
Albuquerque, NM

  *Attorneys for Dr. Gayle Zieman*

Donna Earl
Rio Rancho, NM

  *Pro Se Defendant*

Consuelo Leyba
Rio Rancho, NM

  *Pro Se Defendant*

Anthony Leyba
Rio Rancho, NM

  *Pro se Defendant*