IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER YSAIS,

    Plaintiff,

vs.  No. CIV. 07-0287 JB/RLP

BILL RICHARDSON, in his official capacity as Governor,
State of New Mexico, and as an individual; MARY-DALE BOLSON,
in her capacity as Cabinet Secretary of the Department of Children
Youth and Family, State of New Mexico, and as an individual;
KAREN PRICE, in her official capacity as Agency Head, and as an individual;
DAVID MONTOYA, in his capacity as a Supervisor of CYFD and as an individual;
JULIE BODENNER, in her capacity as a supervisor of CYFD, and as an individual;
JENNIFER LYNN, as an employee of CYFD, and as an individual;
THE STATE OF NEW MEXICO; SECOND JUDICIAL DISTRICT COURT;
THE SECOND JUDICIAL DISTRICT COURT FAMILY CLINIC DIVISION;
BETH ROTH, in her capacity as Supervisor of the Family Court Clinic, and as an
individual; TERRY ASHCOM, in her capacity as an employee of the Family Court Clinic,
and as an individual; DIANN SHEPPARD, in her capacity as an employee of the Family
Court Clinic, and as an individual; THE CITY OF RIO RANCHO; THE CITY OF RIO
RANCHO POLICE DEPARTMENT; CHRIS PINO, in his capacity as an investigative
sergeant of the Rio Rancho Police Department, and as an individual;
JEFF CHAVEZ, in his capacity as a Rio Rancho Police Officer, and as an individual;
BRIAN LINK, as a Detective in the Rio Rancho Police Department, and as an individual;
ABRAZOS, INC.; ELIZABETH SIMS, in her capacity as an employee of Abrazos,
and as an individual; JANE DOE 1, in her capacity as an employee of Abrazos, and as an
individual; JOHN DOE 1, in his capacity as an employee of Abrazos, and as an
individual; PRESBYTERIAN HOSPITAL, INC.; MARY DENTZ, in her capacity as a
Nurse Practitioner employed by Presbyterian Hospital, and as an individual; DR. KAREN
WALSH, in her capacity as a Doctor employed by Presbyterian Hospital, and as an
individual; THE UNIVERSITY OF NEW MEXICO HOSPITAL; DR. CAROL
CLERICUZIO, in her capacity as an employee of the University of New Mexico Hospital,
and as an individual; DR. JUDITH LEDMAN, in her capacity as an employee of the
University of New Mexico Hospital, and as an individual; RIO RANCHO PUBLIC
SCHOOLS; SHINING STARS PRE-SCHOOL; JOAN HROMAS, in her capacity as an
employee of the Rio Rancho Public Schools, and as an individual;
THE THIRTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE;
CARLOS ELIZANDO, in his capacity as Assistant District Attorney, and as an
individual; JODY CARRASCO, in her capacity as an employee of the Thirteenth
Judicial District Attorney's Office, and as an individual; MEMORABLE MOMENTS
DAYCARE; TAMMY ROSEN, in her capacity as owner of Memorable
Moments Daycare, and as an individual; COZY DAYCARE; DONNA EARL,

in her capacity as owner of Cozy Daycare and as an individual; DR. GAYLE
ZIEMAN, in his capacity as a contractor with the Second Judicial District
Court Family Clinic, HAVEN HOUSE, and as an individual; CONSUELO
LEYBA, as an individual; and ANTHONY LEYBA, as an individual,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the State Entity Defendants'[1] Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted, filed September 7, 2007 (Doc. 31); (ii) Defendant Assistant District Attorney ("ADA") Carlos Elizando's Motion to Dismiss, filed October 16, 2007 (Doc. 90); (iii) Defendants Roth's, Ashcom's and Sheppard's Motion to Dismiss, filed October 18, 2007 (Doc. 95); (iv) Defendants Montoya's, Bodenner's and Price's Motion to Dismiss, filed November 11, 2007 (Doc. 98); and (v) Defendants Dr. Clercuzio's[2] and Dr. Ledman's Motion to Dismiss, filed November 11, 2007 (Doc. 105). The Defendants bring their motions pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. The primary issue is whether the State Entity Defendants and their employees acting in their official and/or individual capacities have Eleventh-Amendment, absolute, and/or sovereign immunity from suit. The Court will grant the Defendants' Motions to Dismiss because these Defendants are immune from suit and, therefore, Plaintiff Christopher Ysais cannot state a plausible claim for relief against them.

---

[1] The "State Entity Defendants" include the Children, Youth, and Family Division ("CYFD") of the State of New Mexico, the Second Judicial District Court, the Second Judicial District Court Family Clinic Division, the University of New Mexico Hospital, and the Thirteenth Judicial District Attorney's Office.

[2] Although Plaintiff Christopher Ysais spells Dr. Clercuzio's name in the Complaint as "Clericuzio," the Court has used the spelling that Dr. Clercuzio's attorney uses.

**PROCEDURAL BACKGROUND**

Ysais is suing, among other Defendants, numerous state entities and their employees who were involved in the ongoing judicial resolution of his state-court child-custody battle and a related state-court criminal charge alleging child abuse. He is also suing several entities and their employees who provided state-court ordered mental and emotional assessments related to custodial issues. Ysais' complaint sets forth twelve claims, only two of which are brought under federal law. The claims are as follows: Count I - violation of § 1983; Count II - violation of 42 U.S.C. § 1985; Count III - negligence; Count IV - negligent supervision; Count V - negligent training; Count VI - outrageous conduct; Count VII - malicious prosecution; Count VIII - defamation of character; Count IX - libel per se; Count X - slander per se; Count XI - publication of facts placing Ysais in a false light; and Count XII - wrongful institution of legal proceedings.

Count I alleges that Defendant Family Clinic of the Second Judicial District Court; the Children, Youth, and Family Division of the State of New Mexico ("CYFD"); the District Attorneys Office of the Thirteenth Judicial District; and employees Karen Price, David Montoya, Julie Bodenner, Jennifer Lynn, Beth Roth, Terry Ashcom, Diann Sheppard, Carlos Elizando, and Jody Carrasco "violated his civil rights by interfering with his family relations." Complaint at ¶ 126, filed March 23, 2007 (Doc. 1). Ysais' § 1983 claim against the state court and the CYFD is based on allegations that the state court forced him "to undergo psychological and neurological evaluations," and to attend "domestic violence classes and parenting classes based on the information supplied by CYFD" employees. Id. at ¶¶ 128, 129. His claims for negligence, negligent supervision, negligent training, outrageous conduct, defamation of character, libel and slander per se, and placing Ysais in a false light against Defendants Family Court Clinic and its employees Roth, Ashcom, and

Sheppard, and against CYFD and its employees Price, Montoya, Bodenner, and Lynn all arise from allegations that the employees were unqualified and/or negligent in conducting investigations regarding custody and child-abuse issues, mediating custody issues, and in making custody recommendations and performing their duties without following proper procedures, thereby also causing the publication of false or inaccurate reports. See id. at ¶¶ 20-22, 32-33, 43, 55-62, 147-151, 153-159, 223-234, 258-263, 282, 294-298, 301, 305, 310.

Ysais' claims for negligence, negligent supervision, negligent training, outrageous conduct, libel and slander per se and placing Ysais in a false light against UNM Hospital and its employees Dr. Clercuzio and Dr. Ledman are based on allegations that the doctors failed to follow policy by failing to obtain Ysais' consent or to allow him to participate before they evaluated his child. See id. at ¶¶ 79-80, 185-191, 241-244, 270-272, 282, 301, 305, 310. Ysais' claims against the Thirteenth Judicial District Attorney's Office, ADA Elizando, and former ADA Carrasco[3] in Counts I, III, IV, V, VI, VII, and XII are based on Elizando's and Carrasco's investigation and criminal prosecution of Ysais in state court for alleged child abuse. See id. at ¶¶ 95-96, 98, 132, 198-202, 251-252, 279-280, 282, 318-321. Count II (conspiracy in violation of § 1985) alleges that employees of CYFD, the Family Court Clinic, UNM Hospital, and the Second Judicial District Court "knew or should have known that their failure to act in verifying the truthfulness of the allegations against Mr. Ysais by conducting a proper investigation would result in the depravation of Mr. Ysais' parental rights," thereby demonstrating "a calculated pattern of conspiracy to deprive

---

[3] Carrasco has moved to quash service of process, contending that she has never been served with a summons or copy of the complaint and that she was not employed with the Thirteenth Judicial District Attorney's Office when Ysais left the summons and complaint with that office. See Doc. 220, filed April 28, 2008.

Mr. Ysais of his right to act as the parent of his child." Id. at ¶¶ 139, 141.

## STANDARDS FOR DECIDING A MOTION TO DISMISS

A complaint does not require "detailed factual allegations," but the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and bracket omitted). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Id. at 1974. In resolving a motion to dismiss brought under rule 12(b)(6), the court must determine whether the factual allegations are sufficient "to raise a right to relief above the speculative level," while assuming "that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal quotation marks omitted).

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [Bell Atl. Corp. v. Twombly, 127 S Ct.] at 1974. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [Bell Atl. Corp. v. Twombly, 127 S.Ct.] at 1965 n. 3. *See Airborne Beepers & Video*, *Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . .

. would have little idea where to begin." *Id.*

Robbins v. Oklahoma, 519 F.3d at 1248. Complaints in § 1983 actions subject to qualified-immunity defenses

> must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated the [plaintiff's] constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made.
>
> * * * *
>
> [C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation. Without allegations sufficient to make clear the "grounds" on which the plaintiff is entitled to relief, *Twombly*, 127 S. Ct. at 1965 n. 3, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established.

Robbins v. Oklahoma, 519 F.3d at 1249 (internal quotation marks and citations omitted).

## LAW REGARDING ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment bars a suit for damages in federal court against a State, its agencies, and its officers acting in their official capacities, even when the action is brought under § 1983. See U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); Will v. Michigan Dep't. of State Police, 491 U.S. 58 at 70-71 (1989) (holding that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); Kentucky v. Graham, 473 U.S. 159, 169 (1985); Rozek v. Topolnicki, Jr., 865 F.2d 1154, 1158 (10th Cir. 1989) (holding

that Eleventh Amendment barred suit for damages under § 1983 against the Colorado Office of the District Attorney); Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988) (holding that the Oklahoma Attorney General's Office was an arm of the state entitled to Eleventh-Amendment immunity). New Mexico has not waived its Eleventh-Amendment immunity by enacting the New Mexico Tort Claims Act ("the NMTCA"). See N.M.S.A § 41-4-4F (providing that the NMTCA does not waive Eleventh Amendment immunity); Mescalero Apache Tribe v. New Mexico 131 F.3d 1379, 1384 (10th Cir. 1977) (stating that the NMTCA does not waive Eleventh-Amendment immunity).

## LAW REGARDING § 1985 CLAIMS

The Supreme Court of the United States recognizes "five broad classes of conspiratorial activity" that § 1985 prohibits. See Kush v. Rutledge, 460 U.S. 719, 724 (1983). "Three of the five broad categories . . . relate to institutions and processes of the Federal Government," id., which are not applicable here, where Ysais complains of actions taken by state agencies, arms, or their employees. The fourth and fifth classes of § 1985 claims apply to conspiracies to "obstruct the course of justice in state courts" and to "go in disguise on the highway or in the premises of another." Kush v. Rutledge, 460 U.S. at 725 (internal quotation marks omitted). Both of these categories require an "intent to deprive their victims of the equal protections of the laws," id., which means that there must be some "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspiratorial action," id. at 726 (internal quotation marks omitted). See Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979) ("[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985."). Further, to state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an

7

agreement and concerted action amongst the defendants." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir.1998) (discussing conspiracy under § 1983). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983) (discussing conspiracy under § 1983).

### LAW REGARDING PROSECUTORIAL IMMUNITY

Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Absolute prosecutorial immunity extends to "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor has absolute immunity for "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." Id. To determine whether absolute prosecutorial immunity applies, each of a plaintiff's allegations must be tested against the role the prosecuting attorney was playing when he or she performed the acts complained of. See Kalina v. Fletcher, 522 U.S. 118, 127 (1997). "[T]here is no question in [the Tenth Circuit] that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution." Scott v. Hern, 216 F.3d 897, 909 (10th Cir. 2000) (internal quotation marks omitted).

### LAW REGARDING IMMUNITY UNDER THE NMTCA

The NMTCA is the

> exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim.

N.M.S.A. 1978 § 41-4-17(A).  Governmental entities and public employees, while acting within the scope of their duties, are thus immune from liability for any tort except as specifically waived by the NMTCA.  See N.M. Stat. Ann. § 41-4-4; Bober v. N. M. State Fair, 111 N.M. 644, 652, 808 P.2d 614, 622 (1991) (stating that the New Mexico legislature "granted governmental entities and employees immunity from tort liability except as such immunity is waived by Sections 41-4-5 through 41-4-12").  The NMTCA defines "scope of duties" as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G) (1978).  This definition creates "a unique standard" that differs from the common-law concept of "scope of employment" in that it includes even criminal and intentional tortious acts the defendant commits while acting as a public employee.  Risk Mgmt. Div. v. McBrayer, 14 P.3d 43, 47-48 (N.M. Ct. App. 2000).

## ANALYSIS

The State entities are immune from suit under the Eleventh Amendment.  Ysais also fails to state a claim for violation of §§ 1983 and 1985 against the individual Defendants, the individual Defendants retain immunity under state law for state-law claims, and the prosecutors have absolute immunity from suit.  Accordingly, the Court will dismiss all the claims against the moving Defendants.

I.   **THE STATE ENTITIES ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.**

It is undisputed that CYFD is an agency of the State of New Mexico. See Complaint at ¶ 2;

N.M.S.A. § 9-2-A-1.  The Second Judicial District Court and its Family Court Clinic are divisions of the judicial branch of the State.  See Complaint at ¶ 6; N.M. Const. Article VI; N.M.S.A. § 34-6-1.  The University of New Mexico and its Hospital are  arms of the state.  See Complaint at  ¶ 3; N.M. Const. art. XII, §§ 3, 11  (defining the University of New Mexico as a "state educational institution" and stating that "[t]he . . . universities . . . provided for by this constitution shall forever remain under the exclusive control of the state"); N.M.S.A. § 21-7-1 ("The University of New Mexico is intended to be the state university"); Aly v. Rocky Mt Holding, L.L.C., No. 98-2273, 2000 WL 18878 at *1 (10th Cir. Jan. 12, 2000) (stating that the University of New Mexico Hospital is "a state entity"); Buchwald v. University of N.M. Sch. of Med., 159 F.3d 487, 494 n. 3 (10th Cir. 1998) (noting that the University of New Mexico School of Medicine and university regents are "arms of the state" entitled to Eleventh-Amendment immunity).  The Thirtieth Judicial District Attorney's Office is also a state entity.  See N.M.S.A. § 36-1-11; State ex rel. Ward v. Romero, 17 N.M. 88, 97-99, 125 P. 617, 619-20 (1912) (holding that a district attorney in New Mexico is a "state official" and "a part of the judicial system of the state").

Because it is undisputed that CYFD, the Second Judicial District Court and its Family Clinic Division, the University of New Mexico Hospital, and the Thirteenth Judicial District Attorney's Office are all divisions or arms of the State of New Mexico and Ysais has pointed to no waiver of Eleventh-Amendment immunity, they cannot be sued in federal court and all claims against them must be dismissed.  See Will v. Michigan Dep't. of State Police, 491 U.S. at 70-71; Kentucky v. Graham, 473 U.S. at 167 n.14 ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought.").  Similarly, all claims brought against the State Entities' employees, acting in

their official capacities, are barred by Eleventh-Amendment immunity. See Will v. Michigan Dep't. of State Police, 491 U.S. at 71(stating that "neither a State nor its officials acting in their official capacity are 'persons' under §1983"); Kentucky v. Graham, 473 U.S. at 167 ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.").

## II. YSAIS FAILS TO STATE A CLAIM FOR VIOLATION OF §§ 1983 AND 1985 AGAINST THE INDIVIDUAL DEFENDANTS.

Ysais does not allege that any of the individual Defendants acted with an intent to unlawfully interfere with Ysais' relationship with his son. See Trujillo v. Bd. of County Comm'rs, 768 F.2d 1186, 1190 (10th Cir. 1985) ("[A]n allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under Section 1983"). The Court will, therefore, dismiss Count I against Price, Montoya, Bodenner, Lynn, Roth, Ashcom, Sheppard, and Elizando acting in their individual capacities.

Ysais also does not allege any facts showing that there was "an agreement and concerted action amongst the defendants" to discriminate against him. Tonkovich v. Kansas Bd. of Regents, 159 F.3d at 533. Nor has he alleged that a "class based or racial discriminatory animus" motivated the individual Defendants' actions. Campbell v. Amax Coal Co., 610 F.2d at 702. He has therefore failed to state a claim for conspiracy under § 1985. Accordingly, the Court will dismiss Count II against Price, Montoya, Bodenner, Lynn, Roth, Ashcom, Sheppard, Dr. Clercuzio, and Dr. Ledman acting in their individual capacities.

## III. THE INDIVIDUAL DEFENDANTS HAVE IMMUNITY UNDER STATE LAW FOR STATE-LAW CLAIMS.

Further, there is no dispute that all state-law torts Ysais alleges the State Entities' employees

committed are related to "duties that a public employee is requested, required or authorized to perform by the governmental entity," N.M. Stat. Ann. § 41-4-3(G) and within the scope of their employment. Ysais points to no statute providing a waiver of sovereign immunity under the NMTCA for any of these allegedly tortious acts. Price, Montoya, Bodenner, Lynn, Roth, Ashcom, Sheppard, Dr. Clercuzio, and Dr. Ledman are thus immune from liability for the state-law torts Ysais alleges. The Court will dismiss the state-law claims against the individual Defendants. See Bober v. N. M. State Fair, 111 N.M. at 652, 808 P.2d at 622.

### IV.    PROSECUTORS HAVE ABSOLUTE IMMUNITY FROM SUIT.

Ysais' allegations against ADA Elizando are all based on his allegedly negligent investigation and criminal prosecution of Ysais in state court for alleged child abuse. See Complaint at ¶¶ 95-96, 98, 132, 198-202, 251-252, 279-280, 282, 318-321. Elizando, therefore, has absolute prosecutorial immunity from liability for Ysais' claims. The Court will, therefore, dismiss Counts I, III, IV, V, VI, VII, and XII against Elizando. See Scott v. Hern, 216 F.3d at 909.

Ysais makes no relevant reasoned arguments or additional allegations in support of his objections to granting the motions to dismiss. Because Ysais' factual allegations are not sufficient "to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 127 S Ct. at 1965, the Court will dismiss all of Ysais' claims against CYFD, the Second Judicial District Court, the Second Judicial District Court Family Clinic Division, the University of New Mexico Hospital, and the Thirteenth Judicial District Attorney's Office and their employees Defendants Elizando, Price, Montoya, Bodenner, Lynn, Roth, Ashcom, Sheppard, Dr. Clercuzio and Dr. Ledman.

**IT IS ORDERED** that the State Entity Defendants' Motion to Dismiss (Doc. 31) is granted; Defendant Elizando's Motion to Dismiss (Doc. 90) is granted; Defendants Roth's, Ashcom's and

Sheppard's Motion to Dismiss (Doc. 95) is granted; Defendants Montoya's, Bodenner's and Price's Motion to Dismiss (Doc. 98) is granted and Defendants Dr. Clercuzio's and Dr. Ledman's Motion to Dismiss (Doc. 105) is granted; and that all claims against Defendants the State of New Mexico (CYFD), the Second Judicial District Court, the Second Judicial District Court Family Clinic Division, the University of New Mexico Hospital, the Thirteenth Judicial District Attorney's Office, and Defendants Elizando, Price, Montoya, Bodenner, Lynn, Roth, Ashcom, Sheppard, Dr. Clercuzio, and Dr. Ledman are dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Christopher Ysais
Rio Rancho, New Mexico

    *Pro Se Plaintiff*

Aaron C. Viets
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Presbyterian Healthcare*
    *Services, Mary Dentz and Karen Walsh*

Kevin M. Brown
Brown & German, L.L.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Rio Rancho Public Schools, Shining Stars Preschool,*
    *and Joan Hromas*

Timothy V. Flynn-O'Brien
Albuquerque, New Mexico

> *Attorney for Defendants Bill Richardson, Mary-Dale Bolson, Karen Price, David Montoya, Julie Bodenner, State of New Mexico Second Judicial District Court Family Court Clinic Division, Beth Roth, Terry Ashcom, Diann Sheppard, University of New Mexico Hospital, Carol Clercuzio, Judith Ledman, Thirteenth Judicial District Attorney's Office, and Carlos Elizando*

Stephen G. French
Regina Y. York
French & Associates, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants City of Rio Rancho, Rio Rancho Police Dept., Chris Pino, Jeff Chavez, and Brian Link*

Nancy Franchini
Gallagher, Casados & Mann, PC
Albuquerque, New Mexico

> *Attorneys for Defendants Abrazos and Elizabeth Sims*

Kathleen M. Wilson
Mariposa Padilla Sivage
Keleher Law Firm
Albuquerque, New Mexico

> *Attorneys for Defendant Dr. Gayle Zieman*

Donna Earl
Rio Rancho, New Mexico

> *Pro Se Defendant*

Consuelo Leyba
Rio Rancho, New Mexico

> *Pro Se Defendant*

Anthony Leyba
Rio Rancho, New Mexico

> *Pro se Defendant*