IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER YSAIS,

    Plaintiff,

vs.                                                                                                 No. CIV 07-0287 JB/RLP

BILL RICHARDSON, in his official capacity as Governor,
State of New Mexico, and as an individual; MARY-DALE BOLSON,
in her capacity as Cabinet Secretary of the Department of Children
Youth and Family, State of New Mexico, and as an individual;
KAREN PRICE, in her official capacity as Agency Head, and as an individual;
DAVID MONTOYA, in his capacity as a Supervisor of CYFD and as an individual;
JULIE BODENNER, in her capacity as a supervisor of CYFD, and as an individual;
JENNIFER LYNN, as an employee of CYFD, and as an individual;
THE STATE OF NEW MEXICO, SECOND JUDICIAL DISTRICT COURT;
THE SECOND JUDICIAL DISTRICT COURT FAMILY CLINIC DIVISION;
BETH ROTH, in her capacity as Supervisor of the Family Court Clinic, and as an
individual; TERRY ASHCOM, in her capacity as an employee of the Family Court Clinic,
and as an individual; DIANN SHEPPARD, in her capacity as an employee of the Family
Court Clinic, and as an individual; THE CITY OF RIO RANCHO; THE CITY OF RIO
RANCHO POLICE DEPARTMENT; CHRIS PINO, in his capacity as an investigative
sergeant of the Rio Rancho Police Department, and as an individual;
JEFF CHAVEZ, in his capacity as a Rio Rancho Police Officer, and as an individual;
BRIAN LINK, as a Detective in the Rio Rancho Police Department, and as an individual;
ABRAZOS, INC.; ELIZABETH SIMS, in her capacity as an employee of Abrazos,
and as an individual; JANE DOE 1, in her capacity as an employee of Abrazos, and as an
individual; JOHN DOE 1, in his capacity as an employee of Abrazos, and as an
individual; PRESBYTERIAN HOSPITAL, INC.; MARY DENTZ, in her capacity as a
Nurse Practitioner employed by Presbyterian Hospital, and as an individual; DR. KAREN
WALSH, in her capacity as a Doctor employed by Presbyterian Hospital, and as an
individual; THE UNIVERSITY OF NEW MEXICO HOSPITAL; DR. CAROL
CLERICUZIO, in her capacity as an employee of the University of New Mexico Hospital,
and as an individual; DR. JUDITH LEDMAN, in her capacity as an employee of the
University of New Mexico Hospital, and as an individual; RIO RANCHO PUBLIC
SCHOOLS; SHINING STARS PRE-SCHOOL; JOAN HROMAS, in her capacity as an
employee of the Rio Rancho Public Schools, and as an individual;
THE THIRTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE;
CARLOS ELIZANDO, in his capacity as Assistant District Attorney, and as an
individual; JODY CARRASCO, in her capacity as an employee of the Thirteenth
Judicial District Attorney's Office, and as an individual; MEMORABLE MOMENTS
DAYCARE; TAMMY ROSEN, in her capacity as owner of Memorable
Moments Daycare, and as an individual; COZY DAYCARE; DONNA EARL,

in her capacity as owner of Cozy Daycare and as an individual; DR. GAYLE ZIEMAN, in his capacity as a contractor with the Second Judicial District Court Family Clinic, HAVEN HOUSE, and as an individual; CONSUELO LEYBA, as an individual; and ANTHONY LEYBA, as an individual,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Plaintiff Christopher Ysais' Motion to Amend Order to the University of New Mexico Hospital, filed July 19, 2008 (Doc. 360); (ii) Motion to Amend as to 13th Judicial District Attorney's Office, filed July 19, 2008 (Doc. 361); (iii) Motion to Amend Order as to Second Judicial District Court, Family Court Clinic and Individual Defendants, filed July 19, 2008 (Doc. 362); (iv) Motion to Amend Order as to Carlos Elizando, filed July 19, 2008 (Doc. 363); (v) Motion to Amend Order as to Individual Defendants, filed July 19, 2008 (Doc. 366); (vi) Motion to Amend Order as to Diann Sheppard, filed July 19, 2008 (Doc. 367); (vii) Supplement to Document 366, filed July 29, 2008 (Doc. 380); (viii) Supplement to Document 367, filed July 29, 2008 (Doc. 381); and (ix) Supplement to Document 363, filed July 29, 2008 (Doc. 382). The Court held a hearing on September 2, 2008. The primary issue is whether the Court should amend its orders denying Plaintiff Christopher Ysais' motions for summary judgment because Defendants University of New Mexico Hospital, the Thirteenth Judicial District Attorney's Office, Second Judicial District Court Family Clinic Division, Beth Roth, Terry Ashcom, Carlos Elizando, Carol Clercuzio, Judy Ledman, Julie Bodenner, David Montoya, Karen Price, and Diane Sheppard (collectively, "State Defendants") allegedly did not timely file answers or otherwise respond to Ysais' Complaint. Because the Court finds that Ysais' prior counsel gave these Defendants an extension of time, because Ysais has not shown that the slight delay in filing answers or motions to dismiss have caused him any prejudice, and because the law generally encourages the

Court to decide cases and issues on the merits rather than on technical or procedural issues, the Court will deny Ysais' six motions to amend.

## PROCEDURAL BACKGROUND

The Court previously dismissed the State Defendants from this lawsuit. See Memorandum Opinion and Order, entered July 9, 2008 (Doc. 356)("MOO"). After the Court issued its opinion, Ysais filed a series of motions and supplemental briefs, requesting that the Court amend its order. Many of the arguments that Ysais raises are the same in each motion and revolve largely around the State Defendants' alleged failure to timely answer his Complaint. Ysais also raises various other issues, including several Defendants' alleged admissions.

In their consolidated response to Ysais' motions to amend, the State Defendants contend that Ysais' prior counsel agreed to extend the time for them to answer and that they timely filed motions to dismiss. See Letter from Timothy V. Flynn-O'Brien to Richard Valdez (dated August 10, 2007)(Doc. 389-2)("Do you agree for an extension of time for answering the Complaint until September 7, 2007?"); Electronic Mail from Mary L. Garcia, Timothy V. Flynn-O'Brien's Legal Assistant, to Richard Valdez (dated August 13, 2007)(Doc. 389-2)("Do you agree to an extension for answering the complaint to September 7?"); Letter from Timothy V. Flynn-O'Brien to Richard Valdez (dated August 20, 2007)("This will serve to confirm your conversation with legal assistant, Mary Garcia, of August 13, 2007 that you have agreed to an extension of time to answer the complaint in the above reference cause to September 7, 2007."). The State Defendants also maintain that the Court has already largely decided the issues these motions present. At the hearing on September 2, 2008, the Court orally denied all the motions to amend.

## ANALYSIS

Many of the issues that these six motions raise are common issues. In general, the issues

raised have been raised and argued before this round of motions, and the Court has previously ruled on these issues. The Court is unpersuaded by Ysais' arguments and does not see any reason to revisit its previous holdings. Accordingly, the Court will deny the motions to amend.

**I.    THE MOTION TO AMEND ORDER AS TO UNIVERSITY OF NEW MEXICO HOSPITAL (Doc. 360).**

Ysais' motion is based on his assertion that UNM Hospital's answer was filed eleven days late and that UNM Hospital failed to request an extension of time from the Court. The Court dismissed UNM Hospital from the case on the grounds of Eleventh Amendment sovereign immunity. See MOO at 10, 12-13. Ysais previously raised his timeliness argument in his Motion for Summary Judgment against University of New Mexico Hospital, filed June 6, 2008 (Doc. 272). The Court previously decided this issue, see Order, entered August 27, 2008 (Doc. 418), and Ysais raises no new arguments that suggest that the Court should decide this issue differently now.

Ysais seeks to have the Court amend its orders of dismissal of all claims against the UNM Hospital because UNM Hospital did not answer his Complaint in time and failed to ask the Court for more time to respond. Ysais argues that, under rules 12(a)(1) and 12(a)(1)(A), UNM Hospital has agreed with the entire contents of his Complaint, and that, under rule 55(a) and (b) and rule 56(a), UNM Hospital has agreed with the Complaint. Ysais thus contends that the UNM Hospital has waived all rights. Specifically, Ysais contends that, because UNM Hospital agreed with the entire contents of this Complaint, they are not immune and they have waived immunity.

Ysais contends that UNM Hospital does not have automatic immunity. According to Ysais, the Court's holding that UNM Hospital is immune to suit prevents citizens from challenging the system and sets a new precedent in conflict with the Declaration of Independence and the Constitution of the United States. Ysais suggests that this Court is treating his case differently than

others when he states that, if this case were any other case, there would be no question that the Court should find that the UNM Hospital has no immunity. Ysais states that, when a defendant does not answer in time, judgment is normally entered against the defendant. Ysais contends that, if the UNM Hospital is allowed to enjoy immunity when it has waived immunity, the Court will set a new precedent that will have a great impact on the nation.

The Court disagrees. The Court's treatment of this case is based on the same application of legal principles that it would apply to any other case. With regards to Ysais' arguments about the immunity of UNM Hospital, the Court sees no reason to depart from the analysis employed in its earlier opinion. See MOO at 9-10. With respect to Ysais' argument about timeliness, UNM Hospital received an extension of time from Ysais' previous attorney. Ysais also failed to file for an entry of default, instead electing to proceed by way of a motion for summary judgment. Moreover, the Tenth Circuit has indicated that courts should resolve disputes on the merits, rather than on procedural grounds or mere technicalities. Ysais has not shown how UNM Hospital's delay of eleven days in responding to his Complaint has prejudiced him. Accordingly, the Court sees no reason to reverse its previous ruling on this issue and will, consistent with its earlier orders, deny the motion to amend.

## II.     MOTION TO AMEND AS TO THIRTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE (Doc. 361).

This motion raises essentially the same issues as Document 360. Ysais is again arguing that the Thirteenth Judicial District Attorney's Office failed to timely answer his Complaint -- filing twenty-two days late in this case -- and has thus waived its rights. Again, Ysais' previous attorney granted an extension of time, and Ysais has not shown any prejudice from this extension or this delay. Accordingly, the Court will deny the Motion to Amend as to 13th Judicial District Attorney's

Office.

### III. MOTION TO AMEND ORDER AS TO SECOND JUDICIAL DISTRICT COURT, FAMILY COURT CLINIC, AND INDIVIDUAL DEFENDANTS (Doc. 362).

This motion is premised on essentially the same grounds that the Court has discussed in connection with Document 360. Ysais maintains that the Second Judicial District Court and Terry Ashcom filed their answers to his Complaint eleven days late, while Beth Roth filed twenty-two days late. For the same reasons that the Court denies the previous motions, the Court will deny this motion to amend.

### IV. MOTION TO AMEND ORDER AS TO CARLOS ELIZANDO (Doc. 363) AND SUPPLEMENT TO DOCUMENT 363 (Doc. 382).

Some of Ysais' arguments why the Court should amend its order are the same as those raised in the other motions, addressing the timeliness of Elizando's response and the constitutional violations that Ysais contends would result from recognizing immunity here. The Court finds these arguments unpersuasive for the same reasons it discussed earlier with regards to the other motions. Ysais, however, also raises some arguments specific to Elizando.

Ysais makes a number of allegations about Elizando, including: (i) that he lied to a grand jury and in open court about Ysais having a history of domestic violence; (ii) that Elizando had a duty to not prosecute without evidence; and (iii) that Elizando's child was in the same class as the alleged victim in Ysais' case and Elizando was thus acting as an investigator. Ysais also maintains that evidence exonerating him was presented at his civil trial in January 2006 and that Brian Link, a Rio Rancho police detective, has admitted that there was not enough evidence to obtain an arrest warrant against Ysais.

Even if the foregoing allegations are true, a prosecutor's decisions are entitled to prosecutorial immunity, as the Court has discussed in its prior opinion. See MOO at 8, 12. Actions

such as addressing a grand jury or making statements in open court are part of the prosecutor's role as an advocate, and thus entitled to immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Ysais seems to be making some argument that Elizando acted as an investigator. Even if that argument might plausibly bring Ysais' claim out from under Buckley v. Fitzsimmons, it is not properly presented. Ysais would need to move to amend his Complaint and show that he could lay out allegations that would survive a motion to dismiss.

### V. MOTION TO AMEND ORDER AS TO INDIVIDUAL DEFENDANTS (Doc. 366) AND SUPPLEMENT TO DOCUMENT 366 (Doc. 380).

This motion is based on different grounds than most of Ysais' other motions to amend. Ysais argues that the Court should not dismiss Clercuzio, Ledman, Bodenner, Montoya, or Price until after discovery and that their dismissal amounts to a violation of due process. Ysais also contends that Montoya admitted in open court that the investigation was inadequate. In his supplement, Ysais reiterates the point about Montoya and attaches excerpts from the transcripts of his January 2006 trial. The Court previously dismissed these Defendants from this case. See MOO at 11-13. The Court does not see anything in Ysais' arguments to sway it from its earlier opinion. Pre-discovery dismissal of a defendant is common. Defendants and cases may be dismissed because of immunity or a plaintiff's failure to state a viable claim. See, e.g., Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2004). Montoya's alleged admission, even if true, does not cure the defect of a failure to state a claim or provide an exception to immunity. The Court will deny the motion to amend.

### VI. MOTION TO AMEND ORDER AS TO DIANN SHEPPARD (Doc. 367) AND SUPPLEMENT TO DOCUMENT 367 (Doc. 381).

Ysais' arguments in his motion to amend are essentially the same as those raised in Document 380. In his supplement, Ysais also maintains that Sheppard made a series of admissions,

mostly relating to her qualifications to conduct evaluations.  The Court rejects Ysais' timeliness arguments for the same reasons it rejected those arguments when raised in the context of Document 380.  Additionally, Sheppard's alleged admissions will not cure a failure to state a claim, nor do they demonstrate an exception to immunity.  Accordingly, the Court will deny the motion to amend.

**IT IS ORDERED** that: (i) Plaintiff Christopher Ysais' Motion to Amend Order to the University of New Mexico Hospital; (ii) Motion to Amend as to 13th Judicial District Attorney's Office; (iii) Motion to Amend Order as to Second Judicial District Court, Family Court Clinic and Individual Defendants; (iv) Motion to Amend Order as to Carlos Elizando; (v) Motion to Amend Order as to Individual Defendants, filed July 19, 2008 (Doc. 366); and (vi) Motion to Amend Order as to Diann Sheppard are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Christopher Ysais
Rio Rancho, New Mexico

    *Pro Se Plaintiff*

Timothy V. Flynn-O'Brien
Albuquerque, New Mexico

    *Attorney for Defendants Bill Richardson, Mary-Dale Bolson, Karen Price,
     David Montoya, Julie Bodenner, State of New Mexico, Second Judicial District Court,
     The   Second Judicial District Court Family Court Clinic Division, Beth Roth, Terry
     Ashcom, Diann Sheppard, University of New Mexico Hospital, Carol Clercuzio,
     Judith Ledman, the   Thirteenth Judicial District Attorney's Office, and Carlos
     Elizando*

Aaron C. Viets
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants Presbyterian Healthcare*
   *Services, Mary Dentz and Karen Walsh*

Kevin M. Brown
Brown & German, L.L.C.
Albuquerque, New Mexico

  *Attorneys for Defendants Rio Rancho Public Schools, Shining Stars Preschool,*
   *and Joan Hromas*

Stephen G. French
Regina Y. York
French & Associates, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendants City of Rio Rancho, Rio Rancho Police Department,*
   *Chris Pino, Jeff Chavez, and Brian Link*

Nancy Franchini
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendants Abrazos, Inc. and Elizabeth Sims*

Kathleen M. Wilson
Mariposa Padilla Sivage
Keleher & McLeod, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendant Dr. Gayle Zieman*

Donna Earl
Rio Rancho, New Mexico

  *Pro Se Defendant*

Consuelo Leyba
Rio Rancho, New Mexico

  *Pro Se Defendant*

Anthony Leyba
Rio Rancho, New Mexico

  *Pro se Defendant*