# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER YSAIS,

    Plaintiff,

vs.                                                        No. CIV. 07-00287 JB/RLP

BILL RICHARDSON, in his official capacity as Governor,
State of New Mexico, and as an individual; MARY-DALE BOLSON,
in her capacity as Cabinet Secretary of the Department of Children
Youth and Family, State of New Mexico, and as an individual;
KAREN PRICE, in her official capacity as Agency Head, and as an individual;
DAVID MONTOYA, in his capacity as a Supervisor of CYFD and as an individual;
JULIE BODENNER, in her capacity as a supervisor of CYFD, and as an individual;
JENNIFER LYNN, as an employee of CYFD, and as an individual;
THE STATE OF NEW MEXICO; SECOND JUDICIAL DISTRICT COURT;
THE SECOND JUDICIAL DISTRICT COURT FAMILY CLINIC DIVISION;
BETH ROTH, in her capacity as Supervisor of the Family Court Clinic, and as an
individual; TERRY ASHCOM, in her capacity as an employee of the Family Court Clinic,
and as an individual; DIANN SHEPPARD, in her capacity as an employee of the Family
Court Clinic, and as an individual; THE CITY OF RIO RANCHO; THE CITY OF RIO
RANCHO POLICE DEPARTMENT; CHRIS PINO, in his capacity as an investigative
sergeant of the Rio Rancho Police Department, and as an individual;
JEFF CHAVEZ, in his capacity as a Rio Rancho Police Officer, and as an individual;
BRIAN LINK, as a Detective in the Rio Rancho Police Department, and as an individual;
ABRAZOS, INC.; ELIZABETH SIMS, in her capacity as an employee of Abrazos,
and as an individual; JANE DOE 1, in her capacity as an employee of Abrazos, and as an
individual; JOHN DOE 1, in his capacity as an employee of Abrazos, and as an
individual; PRESBYTERIAN HOSPITAL, INC.; MARY DENTZ, in her capacity as a
Nurse Practitioner employed by Presbyterian Hospital, and as an individual; DR. KAREN
WALSH, in her capacity as a Doctor employed by Presbyterian Hospital, and as an
individual; THE UNIVERSITY OF NEW MEXICO HOSPITAL; DR. CAROL
CLERICUZIO, in her capacity as an employee of the University of New Mexico Hospital,
and as an individual; DR. JUDITH LEDMAN, in her capacity as an employee of the
University of New Mexico Hospital, and as an individual; RIO RANCHO PUBLIC
SCHOOLS; SHINING STARS PRE-SCHOOL; JOAN HROMAS, in her capacity as an
employee of the Rio Rancho Public Schools, and as an individual;
THE THIRTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE;
CARLOS ELIZANDO, in his capacity as Assistant District Attorney, and as an
individual; JODY CARRASCO, in her capacity as an employee of the Thirteenth
Judicial District Attorney's Office, and as an individual; MEMORABLE MOMENTS
DAYCARE; TAMMY ROSEN, in her capacity as owner of Memorable
Moments Daycare, and as an individual; COZY DAYCARE; DONNA EARL,

in her capacity as owner of Cozy Daycare and as an individual; DR. GAYLE ZIEMAN, in his capacity as a contractor with the Second Judicial District Court Family Clinic, HAVEN HOUSE, and as an individual; CONSUELO LEYBA, as an individual; and ANTHONY LEYBA, as an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) pro se Defendant Consuelo (Angela) Leyba's Request to the Honorable James O. Browning to Please Excuse Ms. Angela Leyba From Further Hearings Pertaining to/Brought by Chris Y. Ysais, filed December 11, 2008 (Doc. 492)("Request to Excuse"), which the Court has noticed the parties that it will construe as a motion to dismiss or for summary judgment, see Order, filed December 17, 2008 (Doc. 493), and on (ii) Plaintiff Christopher Ysais' Motion to Reconsider Order Document 499, filed January 22, 2009 (Doc. 520), which seeks reconsideration of the Court's Order filed January 12, 2009 denying an extension of time in which Ysais may respond to Leyba's Request to Excuse. The primary issues are: (i) whether Ysais has given any good reason for the Court to reconsider its prior order denying the motion for an extension of time; (ii) whether the Court should exercise jurisdiction over any state-law claims Ysais may have against Leyba; and (iii) whether he "is using this federal suit solely for the improper purpose of harassing her into agreeing to allow him unsupervised overnight visitations with their son without Ysais receiving therapy or counseling because he knows that she cannot afford a lawyer and cannot continue to take time from work to attend hearings and defend against his suit." December 17, 2008 Order at 3 (Doc. 493). Ysais has failed to file a response to Leyba's motion. Because the Court concludes that Ysais has submitted no good reason for the Court to reconsider its Order filed January 12, 2009, and that the Court should not exercise jurisdiction over any state-law claims, the Court need not decide whether Ysais has continued to prosecute this suit

against Leyba solely for the improper purpose of harassing her into agreeing to allow him unsupervised overnight visitations with their son without Ysais receiving therapy or counseling. Because the Court will not take supplemental jurisdiction over any potential state-law claims against Leyba, the Court concludes that the suit against Leyba should be dismissed.

## PROCEDURAL BACKGROUND

On August 7, 2008, the Court granted in part Leyba's Motion to Dismiss "to the limited extent some of the claims against Leyba fall within the scope of N.M.S.A. 1978, § 32A-4-3, which requires Leyba to report any suspicion of child abuse." Order filed August 7, 2008 at 2 (Doc. 390). In her Request to Excuse, Leyba contended that, "because the Court has already dismissed . . . Ysais' claims against her that are based on her reporting of alleged child abuse, Ysais has no [remaining] legitimate or cognizable claims against her." Order filed December 17, 2008 at 2 (Doc. 493). Leyba also contended that, "to this date, [Ysais has] made it unclear what he is now suing Ms. Leyba for and what he hopes to gain from bringing her to Court repeatedly, other than to cause her distress, making her have to choose whether to use her hours away from work for their child's care and risking getting into trouble with the Court or to put her son's appointments aside to use the hours to come to Court." Leyba's Request to Excuse ¶ 9, at 3 (Doc. 492). Leyba contended in her Request to Excuse, and at the hearing held on December 11, 2008, that Ysais

> approached Ms. Leyba with an 'offer' . . . to remove her from his Federal case if she agrees immediately to allow him unsupervised overnight visitations with our child without Mr. Ysais receiving any therapy or counseling of his own . . . . This implies that he knows he has no legitimate complaint against Ms. Leyba and is simply using this Court case and his other Court cases to force her to agree to something our child is not ready for.

Id. ¶ 21, at 5. Leyba asked the Court to recognize that Ysais "has no ethical purpose or legitimate complaint against Ms. Leyba, id. at 5, and attached several documents evidencing communications

between her and Ysais.

The first document is a letter Leyba wrote to Ysais on December 4, 2008, asking him to inform her and the Court "[on] what grounds" Ysais was still suing her after the Court dismissed all his claims based on her reporting of alleged child abuse. See Request to Excuse, Att. 2 at 2. In this letter she also stated that she had saved his "messages" telling her that he was only involving her in the suit "because I won't agree to you having unsupervised visits with Christopher at this time." Id. The fourth attachment to the Request to Excuse is a "Joint Motion to Dismiss Consuelo Angela Leyba" that Leyba testified Ysais prepared. See Request to Excuse, Att. 4 at 1. On the document, Leyba made handwritten notes that "this was typed up by Chris Ysais. He texted me that the only reason he's still got me involved in this case is because he's trying to get me to agree to unsupervised visits w/ our son. That matter is part of the DM case." Id. The proposed "joint motion" states that the parties agree to dismiss Leyba from the case without prejudice because it is in the best interests of their child to dismiss her and to "work together in joint parenting." Id. Significantly, the "joint motion" also provides: "Both parties agree [] that if Ms. Leyba does not honor her agreement to joint parenting then she agrees to bring her back as a defendant including all motions against her." Id. at 2. It also provides that, "[b]oth parties agree to close the open New Mexico State Custody Case." Id. Leyba also attached a document entitled "Joint Settlement Agreement and Closing of this Case" that was to be filed in the parties' state child custody case if she agreed to sign Ysais' "joint motion" in this case. See id., Att. 5.

At the December 11, 2008 hearing, the Court gave Ysais an opportunity to rebut Leyba's oral statements and the statements she made in her Request to Excuse, but Ysais indicated that he had not yet seen the exact motion that Leyba had filed that day. The Court determined that Ysais should have an opportunity to respond, and six days later issued its Order giving Ysais and Leyba notice

that it would construe Leyba's motion as one to dismiss and/or for summary judgment. See December 17, 2008 Order at 2 (Doc. 493). The Court gave Ysais fourteen days from December 17 to respond to the Request to Excuse "and its averments, as well as to the statements Leyba made in open court." Id. The Court instructed Ysais that he should "present any competent evidence, in the form of a sworn affidavit or otherwise, to rebut Defendant Consuelo Leyba's statements." Id. at 3.

Ysais did not file a response or any affidavits by December 31, 2008, the date his response was due. Instead, on December 24, 2008 he filed a "Motion for an Extension of Time to Answer Document 492." Doc. 494. In that motion, he contended that he could not fully respond to Leyba's Request to Excuse or her statements because "[i]t appears that the photo that Miss Leyba had presented to this court is severely altered" and he wanted to compare the photo with the original photo submitted in a state-court case so that he can "compile all the evidence." Doc. 494 at 1.

The Court rejected Ysais' request for an extension of time in which to respond because "Leyba did not attach any photographs to [the Request to Excuse]. Further, whether a photograph showing bruising on Leyba's and Ysais' son has been altered is irrelevant to the issues that are before the Court in [the Request to Excuse] because the Court has already dismissed any claims against Leyba based on her reporting of those unexplained bruises." January 12, 2008 Order at 2. Between December 17, 2008 and December 31, 2008, Ysais filed five new motions in this case, none of which were responsive to the Court's December 17, 2008 Order. See Docs. 495-98.

**LAW REGARDING MOTIONS TO DISMISS, FOR SUMMARY JUDGMENT, AND FOR RECONSIDERATION.**

The remaining case involves a pro se plaintiff and a pro se defendant. The Court has been liberal to both in construing their filings. In the end, the Court concludes that what is before the Court is a motion to dismiss and/or for summary judgment and a motion to reconsider an order

denying a motion for extension of time.

### 1. **Motions to Dismiss.**

A complaint should be dismissed under Rule 12(b)(6)

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, . . . (2007)). As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original). Because Ysais proceeds pro se, the Court liberally construes his complaint. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Id. When a Court forewarns the parties that it will also consider evidence besides the complaint and its attachments in deciding whether to dismiss a complaint, and gives the opposing party an opportunity to respond to the moving party's evidence, the motion may be treated as one for summary judgment. See Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

### 2. **Motions for Summary Judgment**.

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2008 Rev. Ed.); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party makes a proper summary-judgment challenge, the

> opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED. R. CIV. P. 56(e)(2). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3.    Motions for Reconsideration.

Because Ysais seeks to obtain reconsideration of a non-final order, his motion for reconsideration is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991). A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. (citation omitted).

### LAW REGARDING THE EXERCISE OF JURISDICTION AFTER FEDERAL CLAIMS ARE DISMISSED.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). A district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim, however, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). See Smith v. City of Enid ex rel. Enid

City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

> When all federal claims are dismissed, state-law claims are
>
> no longer supplemental to any federal question claim. Under those circumstances the most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice-that is the seminal teaching of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, . . . (1966), reconfirmed in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, . . . (1988) and repeated in a host of cases such as *Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir. 1990). That concept has been codified in 28 U.S.C. § 1367(c)(3), part of the supplemental jurisdiction enactment in 28 U.S.C. § 1367.
>
> There are of course the best of reasons for a district court's deferral to a state court rather than retaining and disposing of state law claims itself -- such factors (taught by *Gibbs* and repeated in *Carnegie-Mellon*) as judicial economy, fairness, convenience and comity. As this Court has said in *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir.1990):
>
>> Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.

Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

## **ANALYSIS**

While the Court is usually liberal in granting extensions of time to respond to dispositive motions, Ysais sought additional time to discuss issues with which the Court has already dealt. He is attempting to litigate issues that the Court has already resolved. And as to the any potential remaining state-law claims, the Court will decline to exercise jurisdiction over them.

**I.     THE COURT WILL DENY THE MOTION FOR RECONSIDERATION.**

A review of Ysais' motion for reconsideration reveals that he merely readvances arguments that the Court has rejected in other orders. He has not addressed the reasons the Court denied his original motion or demonstrated that the Court has misapprehended the facts, his position, or the

controlling law.  See Servants of Paraclete v. Does, 204 F.3d at 1012.  Even if he believed that reviewing photographs of his son's bruising was relevant, he had plenty of time to file a brief and affidavit that were responsive to Leyba's motion, as the Court ordered, and could have supplemented it later, but he did not do so.  Ysais has failed to show that there is a good reason to reconsider the Court's previous ruling.

## II.     THE COURT WILL DECLINE TO EXERCISE JURISDICTION OVER ANY REMAINING STATE-LAW CLAIMS YSAIS MAY HAVE AGAINST LEYBA.

Leyba has challenged the basis for Ysais' continued prosecution of this suit against her, contending that all of his claims against her were related to her reporting of alleged child abuse and the Court has dismissed those claims.  She specifically asked Ysais to set out the basis of any other claims against her.  The Court noted in its February 19, 2008 Order granting the other Defendants' motion for entry of a final judgment that "[t]he only remaining claims are potential state-law claims for defamation, slander, libel, and malicious prosecution against Leyba, Ysais' former wife, but most of those claims relate to her statements made, and actions taken, in the state-court custody and child-abuse proceedings."  Memorandum Opinion and Order at 3, filed February 19, 2009 (Doc. 558).  Ysais has not attempted to set forth the basis of any claims that are not based on or related to Leyba's reporting of alleged child abuse and he has not rebutted Leyba's well-supported contention that the only reason he continues to prosecute this action against her is to try and force her to agree to child-custody and visitation terms that he desires.

The Court has carefully reviewed Ysais's Complaint for every reference to Leyba and finds no allegations that his claims against her are for anything other than claims related to her reporting of alleged child abuse and to her alleged conspiracy with Defendants (who have been dismissed) to prosecute Ysais for alleged child abuse.  See Complaint ¶¶ 65, 99, 100, 122, 123, 152, 219, 292, 294,

295, 301, 318.  The Court will not decide whether Leyba has satisfied her burden to demonstrate that Ysais' Complaint against her should be dismissed because he does not state any facts to support claims against her other than those that have already been dismissed and because the only reason he continues to prosecute this case against her is for an improper purpose.  It is sufficient to find that any potential remaining claims all sound in state law.  Accordingly, the Court will decline to exercise jurisdiction over any remaining claims.

**IT IS ORDERED** that Ysais' Motion to Reconsider Order Document 499 (Doc. 520) is denied, that this case is dismissed against Consuelo Leyba, and that Leyba's Request to the Honorable James O. Browning to Please Excuse Ms. Angela Leyba From Further Hearings Pertaining to/Brought by Chris Y. Ysais (Doc. 492) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Christopher Ysais
Rio Rancho, New Mexico

    *Pro Se Plaintiff*

Timothy V. Flynn-O'Brien
Albuquerque, New Mexico

    *Attorney for Defendants Bill Richardson, Mary-Dale Bolson, Karen Price,*
    *David Montoya, Julie Bodenner, State of New Mexico, Second Judicial District Court, The*
    *Second Judicial District Court Family Court Clinic Division, Beth Roth, Terry Ashcom,*
    *Diann Sheppard, University of New Mexico Hospital, Carol Clercuzio, Judith Ledman, the*
    *Thirteenth Judicial District Attorney's Office, and Carlos Elizando*

Aaron C. Viets
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendants Presbyterian Healthcare*
>   *Services, Mary Dentz and Karen Walsh*

Kevin M. Brown
Brown & German, L.L.C.
Albuquerque, New Mexico

>   *Attorneys for Defendants Rio Rancho Public Schools, Shining Stars Preschool,*
>   *and Joan Hromas*

Stephen G. French
Regina Y. York
French & Associates, P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendants City of Rio Rancho, Rio Rancho Police Dept.,*
>   *Chris Pino, Jeff Chavez, and Brian Link*

Nancy Franchini
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendants Abrazos, Inc. and Elizabeth Sims*

Kathleen M. Wilson
Mariposa Padilla Sivage
Keleher & McLeod, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendant Dr. Gayle Zieman*

Donna Earl
Rio Rancho, New Mexico

>   *Pro Se Defendant*

Consuelo Leyba
Rio Rancho, New Mexico

>   *Pro Se Defendant*