**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**CHRISTOPHER YSAIS**,

Plaintiff,

vs. **No. CIV. 07-0287 JB/RLP**

**BILL RICHARDSON**, et. al,

Defendants.

**MAGISTRATE JUDGE'S ANALYSIS**
**AND RECOMMENDED DISPOSITION**[1]

THIS MATTER comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. Doc. 678 at 1.

This case is on appeal in the Tenth Circuit Court of Appeals from final judgments entered on February 20, 2009, *see* Doc. 567, and March 30, 2009, *see* Doc. 649. Because of pro se Plaintiff Christopher Ysais's abusive practice of filing multiple frivolous documents, the Honorable James O. Browning ordered Ysais not to file any further documents in this case other than a notice of appeal. *See* Doc. 646 at 3 ("The Court will not consider any further filings against any Defendant other than Consuelo Leyba, other than a notice of appeal."); Doc. 673 at 2 (stating that "Ysais continues not to heed the Court's ruling that, because of his motion practice in this case, he should file no other documents in this case except for a notice of appeal," and refusing to consider motions

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

filed in contempt of that order). Once again Ysais has ignored Judge Browning's orders and has filed four documents, two of which are motions. The first twenty-one page motion, which is difficult to comprehend and contains a mishmash of inapplicable law, is titled *Motion For Emergency Permanent Injunction,Temporary Restraining Order, Injunction, Stay per Rule 60B.* Doc. 677, filed March 31, 2010. Ysais spends several pages again challenging and seeking reconsideration of the Court's final judgments, *see* Doc. 677 at 1-4, 19, but ultimately he seeks this Court's intervention in the on-going state-court custody battle over his son, *see id.* at 5-10, 19.

Ysais unsuccessfully attempted to remove his divorce and custody proceedings from state court to this Court. *See Ysais v. Ysais*, No. 08cv488 MV Doc. 13 (D.N.M. August 28, 2008) (remanding case to state court and explaining to Ysais that federal courts do not have subject-matter jurisdiction over divorce and custody cases). The Tenth Circuit Court of Appeals dismissed his appeal, noting that it had no jurisdiction over appeals from a remand to state court. *See Ysais v. Ysais*, No. 09-2196, 2010 WL 1463163, *1 (April 2, 2010) (unpublished).

Ysais's second motion requests an "emergency hearing" on his request for a permanent Injunction. Doc. 680. The other two documents are a *Notice to Objection* of the entry of the Order of Reference, *see* Doc. 679, and a *Notice Copy of Affidavit* that attaches what purports to be an affidavit from a juror who was involved in Ysais's 2006 state-court trial in which he was found not guilty of abusing his son, *see* Doc. 681.

It appears that the Court should strike three of the four documents from the record for several reasons. First, they were filed in violation of Judge Browning's orders prohibiting Ysais from continuing to file documents in this case. Further, because the case is on appeal, the Court does not have jurisdiction to rule on substantive issues that were the subject of the Court's final judgments. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curium) ("The filing of

a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeal and divests the district court of its control over those aspects of this case involved in the appeal."), *overruled in part as noted in Hatfield v. Bd. of County Com'rs*, 52 F.3d 858, 861 n.1, n.2 (10th Cir. 1995). And third, as already explained to Ysais and affirmed by the Tenth Circuit, under the *Younger* abstention doctrine, this Court must abstain from issuing injunctions regarding an on-going state-court divorce and child-custody proceeding. *See Ysais v. Children Youth & Family Serv. Dep't*, No. 08cv595 MV, Doc. 7 at 3 (citing and quoting from *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)), *appeal dismissed*, No. 09-2125, 353 Fed. Appx. 159, *161, 2009 WL 4048782, **1 (10th Cir. Nov. 24, 2009) (unpublished) (specifically agreeing with Judge Vazquez's analysis and noting that, "[i]n the absence of extraordinary circumstances, the *Younger* doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings. *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996). The comity considerations of the doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy." *Id*.").

**RECOMMENDED DISPOSITION**

I recommend that the Court strike documents number 677, 680, and 681 from the record and, if Ysais files any further motions or documents in this case, that the Court impose monetary sanctions against Ysais.

**RICHARD L. PUGLISI**
**CHIEF UNITED STATED MAGISTRATE JUDGE**